RICHMARK CORPORATION, a California corporation,
Plaintiff,

v.

TIMBER FALLING CONSULTANTS, INC., an Oregon corporation,
Defendant.

TIMBER FALLING CONSULTANTS, INC., an Oregon corporation,
Counterclaim Plaintiff,

v.

RICHMARK CORPORATION, a California corporation; Peacock Manufacturing Company Inc., a Texas corporation; Beijing Ever Bright Ind. Co., a foreign corporation; Zhu Yuanchang; Eugene Wang; James Yang; Francis Tong; and Peacock Manufacturing Company, Inc., Counterclaim Defendants.

TIMBER FALLING CONSULTANTS, INC., an Oregon corporation,
Plaintiff,

v.

GENERAL BANK, a California corporation, Defendant.

Civ. Nos. 88–1203–FR, 89–181–FR.

United States District Court,
D. Oregon.

June 19, 1989.

See also 126 F.R.D. 57.

Thomas V. Dulcich, Kurt F. Hansen, Bernard M. Ryan, Schwabe, Williamson & Wyatt, Portland, Or., for plaintiff/counterclaim defendant Richmark Corp.

John F. Neupert, Daniel O. Norris, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for defendant/counterclaim plaintiff Timber Falling Consultants, Inc.

## AMENDED OPINION

FRYE, Judge:

The matter before the court is the motion (# 88) of Richmark Corporation (Richmark) for an order requiring return of documents which are subject to the attorney-client privilege and which were produced inadvertently.

## DISCUSSION

Richmark seeks return of 25 pages which were included in documents produced and delivered to attorneys for Timber Falling Consultants, Inc. (TFC) on April 11, 1989. Richmark contends that these documents are covered by the attorney-client privilege, and that they were produced inadvertently. The documents are all letters or facsimile transmissions between Richmark and its attorneys.

Richmark asks for an order 1) requiring TFC and its attorneys to return the mistakenly-produced documents and all copies made and any notes derived therefrom; 2) ordering the removal of all copies of the privileged documents from the affidavit submitted by counsel for TFC on May 1, 1989; and 3) excluding from evidence the attorney-client materials produced through inadvertence.

TFC opposes the motion, arguing that: 1) one of the documents, a letter dated August 4, 1988, is outside the scope of the attorney-client privilege because it contains communications of fact obtained from a

third party; 2) Richmark did not take reasonable precautions to prevent disclosure of the documents, and thus the production was negligent rather than inadvertent; 3) Richmark waived the attorney-client privilege as to the letter of August 4, 1988 by failing to object to TFC's use of the letter on two separate occasions and by disclosing its contents to Peacock Manufacturing Company, Inc.; 4) Richmark waived the attorney-client privilege as to the documents produced on April 11, 1989 because its response to the request for production of documents was untimely; and 5) the letter of August 4, 1989 is outside the scope of the attorney-client privilege because it was part of Richmark's commission of the crime of witness tampering.

■ Much of the controversy centers on the letter of August 4, 1988 from David Porter of Fisher, Porter & Kent to Eugene Wang of Richmark. This letter recounts Porter's conversation with Jerry Coon, a prospective witness for TFC. The letter evaluates his conversation with Coon and suggests litigation strategies. TFC contends that the letter is not covered by the attorney-client privilege because it recounts a conversation with a third party. This is an inaccurate characterization of the letter because the description of the conversation Porter had with Coon is intertwined with Porter's opinion and suggestions. The letter contains a communication from an attorney to a client which was intended to be confidential.

■ TFC also contends that the letter of August 4, 1988 is outside the scope of the attorney-client privilege because it is part of Richmark's commission of the crime of witness tampering. TFC alleges in its counterclaim that in a telephone conversation on August 2, 1988, Eugene Wang offered a bribe to Coon in order to induce him to give perjured testimony. In an affidavit, Coon states that on August 3, 1988, Richmark's attorney, David Porter, called to discuss what his testimony would be. Porter's letter of August 4, 1988 recounts that conversation.

TFC argues that Richmark was using its attorney, Porter, to determine whether Coon should accept or reject the bribe. TFC asks the court to accept this contention based on inferences to be drawn from the timing of the various communications on August 2, 3 and 4, 1988. However, Coon's affidavit also supports the inference that Porter contacted Coon as part of his investigation of the case, and that he was surprised by Coon's statements. The evidence before the court does not establish that Porter's letter of August 4, 1988 was part of an attempt to commit a crime or a tort.

■ TFC next contends that Richmark waived any privilege as to the letter of August 4, 1988 by failing to object to TFC's use of the letter at the depositions of witnesses for General Bank taken on April 12–14, 1989, and during the hearing held in this court on May 1, 1989. Richmark has submitted the affidavit of attorney Kurt Hansen, who states that he was present at the depositions on April 12–14, 1989, and that none of the attorney-client documents were introduced or used at those depositions. The court does not find a clear waiver of the attorney-client privilege based on this episode.

During the oral argument on May 1, 1989, TFC's counsel handed the court and Richmark's counsel a memorandum which was not served prior to the hearing. Attached to the memorandum were two of the documents which are the subject of this motion. Richmark objected to the inclusion of these documents in a letter dated May 2, 1989. The court finds that Richmark's failure to object during the hearing to a memorandum which was served at the outset of the hearing does not constitute a waiver of the attorney-client privilege as to the documents attached to the memorandum.

■ TFC contends that the production of the documents was negligent rather than inadvertent because Richmark failed to take any precautions to avoid disclosure of the documents. Although the court is empowered by Fed.R.Civ.P. 26(c) to make such orders as are just concerning discovery, including orders to return inadvertently produced discovery documents, it is

inappropriate to grant relief where the production was caused by neglect rather than inadvertence. *United States v. Zolin,* 809 F.2d 1411, 1417 (9th Cir.1987).

■ The documents in question were produced in response to this court's order compelling discovery dated April 3, 1989. Richmark's attorney, Thomas Dulcich, states in his affidavit that he directed a legal assistant to copy certain materials, and the legal assistant included the privileged documents. The documents were produced without review by an attorney. Although the documents were derived from numerous volumes of Richmark's records, the documents actually produced constituted a stack approximately two inches high.

Relief is available on the basis of inadvertence only when a party has taken reasonable precautions to prevent the disclosure of privileged materials. *Transamerica Computer Co. v. Int'l Business Machs. Corp.,* 573 F.2d 646, 650 (9th Cir. 1978). In this case, although Richmark was under some time pressure, it did not take the precaution of having an attorney skim through the documents before production. Even a cursory review would have alerted an attorney to the letters on the Fisher, Porter & Kent letterhead, including the letter of August 4, 1988.[1]

Therefore, the court finds that Richmark has not established grounds for relief under Fed.R.Civ.P. 26(c). Richmark's motion for return of documents (# 88) is denied.

---

**1.** TFC also contends that Richmark waived any objections to production by serving its response to TFC's request for production one day late, on January 13, 1989. The request was served by hand on December 13, 1988. Under Local Rule 230–3, failure to object to a request for the production of documents within 30 days "constitutes a waiver of any objection." Richmark contends that it was served with the request on December 14, 1988, but the certificate of service states that service was made on December 13, 1988. Thus, it appears that Richmark's response, in which it asserted the attorney-client privilege, was one day late. However, due to the court's finding regarding inadvertence, it is not necessary to base the court's ruling on the one-day delay in service of the response.