Octavia O. **HARRISTON**, Plaintiff,

v.

**CHICAGO TRIBUNE COMPANY**, a corporation, **Charles Brumback**, **John Sloan** and **Vincent Riordan**, Defendants.

No. 87 C 8875.

United States District Court,
N.D. Illinois, E.D.

Dec. 27, 1990.

Hope Freeman Keefe, Robert J. Leoni, Brunswick, Keefe & Deer, Blue Island, Ill., for plaintiff.

John W. Powers, Brenda D. Hofman, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, Chicago Tribune Company ("Tribune"), for a protective order, pursuant to Fed.R.Civ.P. 26(c), to prohibit the deposition of its attorney, John W. Powers. For the following reasons, the court grants the motion.

On October 16, 1987, Octavia O. Harriston filed this suit, alleging racial discrimination in her termination from employment by the Tribune. Currently before the court is plaintiff's fourth amended complaint.

As previously noted by the court, the proceedings in this action have been protracted and, to say the least, contentious. See Order of March 19, 1990. The course of the discovery process in this litigation reflects the tenor of the underlying suit. For example, plaintiff had previously filed numerous requests for document production objected to by defendant as overbroad and irrelevant. The court allowed this discovery conditioned on the posting of a cost bond by plaintiff. See Order of October 4, 1988. Defendant produced the requested material and eventually brought a motion to forfeit the cost bond. The court found that the discovery request was indeed overbroad and irrelevant and ordered the forfeiture of the cost bond, and payment of costs by plaintiff in the amount of $9,098.63. See Order of April 2, 1990.

■ Undaunted by this and similar rulings, plaintiff's counsel[1] has served a notice of deposition which seeks to take the deposition of opposing counsel, John W. Powers. In response, defendant Tribune has filed the instant motion, seeking a protective order, pursuant to Fed.R.Civ.P. 26(c), prohibiting the taking of that deposition.

■ The courts have not looked with favor upon attempts to depose opposing counsel. The practice is disruptive of the adversarial process and "lowers the standards of the legal profession." Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986); see also Advance Systems, Inc. of Green Bay v. APV Baker PMC, Inc., 124 F.R.D. 200 (E.D.Wis.1989); Joslyn Corp. v. RTE Corp., No. 86 C 2319, 1988 WL 102104 (N.D.Ill.1988); Marco Island Partners v. Oak Development Corp., 117 F.R.D. 418 (N.D.Ill.1987). Deposition of opposing counsel should be limited to situations where it is shown that: 1) no other means exists to obtain the information than to depose opposing counsel; 2) the information sought is relevant and non-privileged; and 3) the information is crucial to the preparation of the case. Shelton, 805 F.2d at 1327; Advance Systems, 124 F.R.D. at 201; Joslyn Corp., No. 86 C 2319, slip op. at p. 2.

In this case, the plaintiff has not shown that the information is relevant to her case. Plaintiff states that the deposition is necessary as Mr. Powers, as counsel for the Tribune, gave advice to Ms. Harriston during her employment at the Tribune. Plaintiff's Response, p. 3. Plaintiff claims that conversations between her and Mr. Powers are relevant to her discharge from the Tribune. Plaintiff's Response, p. 3. However, other than the bald assertion that these conversations are relevant, plaintiff has made no showing that her discharge was influenced by the conversations between her and Mr. Powers[2].

Moreover, plaintiff has wholly failed to show that any information Mr. Powers may have is crucial to the preparation of her case. Again, the only argument made by

1. The court notes that current counsel, Hope Freeman Keefe of Brunswick, Keefe & Deer, appeared as counsel after the withdrawal of previous counsel on June 29, 1990.

2. Insofar as plaintiff argues that Mr. Powers' knowledge of Ms. Harriston's job performance is necessary to her case, the court notes that information concerning plaintiff's job performance is readily obtainable from other sources, such as plaintiff's supervisors and co-workers. See Marco Island, 117 F.R.D. at 420 (protective order entered when deposition of opposing counsel would be duplicative of information from other sources).

plaintiff is the assertion that the information sought is crucial. Plaintiff's Response, p. 2. Plaintiff makes no proffer as to the specific information she is seeking nor how such information affects her case. The court is hesitant to engender the disruption and possible harassment a deposition of opposing counsel would cause based upon the general assertions of need made by plaintiff.

Accordingly, the court, pursuant to Fed. R.Civ.P. 26(c), enters a protective order prohibiting the deposition of attorney John W. Powers by plaintiff.

IT IS SO ORDERED.