**GEORGETOWN MANOR, INC., a Florida corporation, Plaintiff/Counter–Defendant,**

v.

**ETHAN ALLEN, INC., a Delaware corporation, Defendant/Counter–Plaintiff.**

**No. 85–0052–CIV–RYSKAMP.**

United States District Court, S.D. Florida.

Jan. 11, 1991.

Hall, O'Brien and Sack, P.A. Miami, Fla. (Andrew C. Hall and Richard Daniels, of counsel), for plaintiff/counter-defendant.

Weil, Lucio, Mandler & Croland, P.A. Miami, Fla. (Ronald P. Weil, Robert Zarco, of counsel), for defendant/counter-plaintiff.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.[*]

Defendant/counter-plaintiff Ethan Allen, Inc. ("Ethan Allen") moves for an order denying the request of plaintiff/counter-defendant Georgetown Manor, Inc. ("Georgetown") to admit transcripts of attorney-client privileged communications inadvertently turned over to Georgetown by Ethan Allen's counsel and/or counsel's paralegal. This court previously held that the subject transcript was privileged and not producible.

Prior to trial, counsel for Georgetown requested of Ethan Allen that counsel be permitted to view all of the exhibits that Ethan Allen planned to introduce into evidence at trial. This meeting took place at the offices to Weil, Lucio, Mandler and Croland, counsel for Ethan Allen.

One of Ethan Allen's exhibits, identified on its exhibit list as Exhibit # 272, is comprised of transcripts of various tape recorded conversations between an Ethan Allen principal (Nathan Ancell) and others.[1] Although Ethan Allen's counsel, Robert Zarco ("Zarco"), and his paralegal prepared thousands of pages of documents for inspection, inadvertently included as part of Exhibit # 272 was a transcript of an attorney-client privileged conversation between Ancell and counsel for Ethan Allen (Mr. Pendleton).[2]

The question before the court is whether the inadvertent disclosure of attorney-client privileged documents by Ethan Allen's counsel to Georgetown is an effective waiver of Ethan Allen's privilege.

Contrary to Georgetown's assertion that "federal law uniformly holds that inadvertent production of a privileged document constitutes a waiver of any privilege which at one time existed" (Memorandum of Law at p. 3), the federal courts are divided on the issue of whether an inadvertent disclosure of attorney-client privileged communications by a party's counsel to the adversary is a waiver of the privilege. The Eleventh Circuit and the district courts within the Eleventh Circuit have not, as of yet, addressed this issue.

Some courts follow the rigid rule enunciated in *Underwater Storage, Inc. v. United States Rubber Co.*, 314 F.Supp. 546, 548–49 (D.D.C.1970) that if a party's attorney inadvertently produces a document for inspection, the client is held to have waived its attorney-client privilege:

> The plaintiff now claims that the production [of the letter for inspection by defendant] was inadvertent and involuntary or if it is deemed voluntary that the privilege is waived only as to the piece of paper but nothing else. This is an untenable position. The plaintiff turned over to his attorney the documents to be produced. This letter was among them. The Court will not look behind this objective fact to determine whether the plaintiff really intended to have the letter examined. Nor will the Court hold that the inadvertence of counsel is not chargeable to his client. Once the document was produced for inspection, it entered the public domain. Its confidentiality was breached thereby destroying the basis for the continued existence of the privilege.

> "[W]here the policy underlying the rule can no longer be served, it would amount to no more than mechanical obedience to

---

[*] United States District Court for the Eastern District of New York, sitting by designation.

1. The tapes were made by Nathan Ancell.

2. This court held the particular transcript to be privileged and excluded from discovery pursuant to an order dated June 28, 1988.

a formula to continue to recognize it." *United States v. Kelsey–Hayes Wheel Co.,* 15 F.R.D. 461, 465 (E.D.Mich.1954). Any privilege that may have attached to the document was destroyed by the voluntary act of disclosure. *D'Ippolito v. Cities Service Co.,* 39 F.R.D. 610 (S.D.N.Y.1965).

*See, e.g., Chubb Integrated Systs. v. National Bank of Washington,* 103 F.R.D. 52, 66–67 (D.D.C.1984); *International Digital Systs. Corp. v. Digital Equip. Corp.,* 120 F.R.D. 445, 448–50 (D.Mass.1988); *W.R. Grace & Co. v. Pullman, Inc.,* 446 F.Supp. 771, 775 (W.D.Okla.1976).[3]

Other courts have considered, among other factors, the degree of care used to protect the documents when they have been inadvertently produced, in determining whether the privilege will be deemed waived. *See, e.g., Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.,* 116 F.R.D. 46, 50–52 (M.D.N.C.1987); *Lois Sportswear, U.S.A., Inc. v. Levi Strauss Co.,* 104 F.R.D. 103, 105–07 (S.D.N.Y.1985); *Hartford Fire Ins. Co. v. Garvey,* 109 F.R.D. 323, 328–32 (N.D.Cal.1985) (waiver of work product privileged material).

However, we believe the better reasoned rule is that of *Mendenhall v. Barber–Green Co.,* 531 F.Supp. 951, 954 (N.D.Ill. 1982), that mere inadvertent production by the attorney does not waive the client's privilege:

We are taught from first year law school that waiver imports the "intentional relinquishment or abandonment of a known right." [footnote omitted] Inadvertent production is the antithesis of that con-

cept. In response to a production request encompassing all Mendenhall files, [Mendenhall's counsel] provided [his adversary] with 28 complete files. When he pored over the files (as was his right) [the adversary] found the four letters now at issue. Mendenhall's counsel now says their delivery was unintended.

Mendenhall's lawyer (not trial counsel) might well have been negligent in failing to cull the files of the letters before turning over the files. But if we are serious about the attorney-client privilege and its relation to the *client's* welfare, we should require more than such negligence by *counsel* before the client can be deemed to have given up the privilege. [emphasis in original] See *Dunn Chemical* at 67,463. No waiver will be found here.

*See also Helman v. Murray Steaks, Inc.,* 728 F.Supp. 1099, 1104 (D.Del.1990); *In re Sealed Case,* 120 F.R.D. 66, 72 (N.D.Ill. 1988); *Kansas–Nebraska Natural Gas v. Marathon Oil Co.,* 109 F.R.D. 12, 21 (D.Neb.1985); *Dunn Chemical Co. v. Sybron Corp.,* 1975–2 Trade Cases para. 60,-561 at p. 67,463 (S.D.N.Y.1975); *Connecticut Mutual Life Ins. Co. v. Shields,* 18 F.R.D. 448, 451 (S.D.N.Y.1955) (applying state law of privilege); *Manufacturer's and Trader's Trust Co. v. Servotronics, Inc.,* 132 A.D.2d 392, 522 N.Y.S.2d 999, 1004 (1987) ("[A]lthough confidentiality can never be restored to a document already disclosed, a court can repair much of the damage done by disclosure by preventing or restricting use of the document at trial [following *Mendenhall* ]").[4]

---

**3.** Although Georgetown cites *Weil v. Investment/Indicators, Research and Management, Inc.,* 647 F.2d 18 (9th Cir.1981) and *In re Grand Jury Investigation of Ocean Transportation,* 604 F.2d 672 (D.C.Cir.), *cert. denied sub. nom. Sea Land Service, Inc. v. United States,* 444 U.S. 915, 100 S.Ct. 229, 62 L.Ed.2d 169 (1979), in support of finding of waiver, both decisions are inapposite.

*Weil* addressed the different waiver issue of whether a party may disclose a privileged attorney communication about a matter and then invoke the privilege to prevent discovery of other communications about the same matter. 647 F.2d at 23. Moreover, as further discussed below, the Ninth Circuit subsequently held in *Zolin, infra,* that an inadvertent disclosure is not a waiver.

In *Ocean Transportation* the disclosure by counsel was essentially intentional rather than inadvertent. 604 F.2d at 675 ("Here, the disclosure cannot be viewed as having been inadvertent in all respects.... This production was brought to [counsel's] attention on at least one occasion; each time, however, said counsel declined to assert the privilege.")

**4.** In *Transamerica Computer Co. v. International Bus. Mach. Corp.,* 573 F.2d 646, 650–52 (9th Cir.1978), the court observed the split among the courts as to whether an inadvertent disclo-

We find that the inadvertent disclosure by Ethan Allen's counsel of the transcript containing attorney-client privileged communications is not a waiver of the protection of Ethan Allen's privilege.

In this regard we agree with the American Bar Association Section of Litigation which advises that:

> Where the disclosure resulted because of the attorney's negligence and not that of the client, the *client's* privilege has not necessarily been relinquished. The more modern rationale, therefore, is that the negligence-free client, whose privilege it is in all events, should not bear the burden of global loss of an expectation of confidentiality because of the attorney's negligence in protecting that confidentiality. [citing *Mendenhall*]

American Bar Association Section of Litigation, *The Attorney–Client Privilege and the Work Product Doctrine*, at p. 66 (2d ed. 1989).

We also find instructive the decision in *United States v. Zolin*, 809 F.2d 1411, 1417 (9th Cir.1987), *modified*, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989), in which the Government challenged the district court's finding that the defendant did not waive its attorney-client privilege as to certain tapes when defendant's secretary inadvertently delivered the tapes to a third party. The Ninth Circuit found that "[t]he secretary's delivery of the tapes was sufficiently involuntary and inadvertent as to be inconsistent with a theory of waiver." (citing *Transamerica*, 573 F.2d at 651). The United States Supreme Court modified other portions of the opinion. 491 U.S. at ——, 109 S.Ct. at 2626.

### ORDER

The inadvertent disclosure by Ethan Allen's counsel of the transcript containing attorney-client privileged communications is not a waiver of the protection of Ethan Allen's privilege. Accordingly, Georgetown's request to admit the privileged contents thereof into evidence is denied.

All copies of the transcript of the conversation between Ancell and Pendleton shall be turned over to defendant's counsel. No other or further disclosure of the confidential communication shall be made by anyone except as authorized by defendant Ethan Allen. Andrew C. Hall, Esq., counsel for Georgetown, may retain a copy of the transcript and communicate the contents thereof to the extent necessary for review of this determination.

The transcript shall be removed from Exhibit # 272, marked Exhibit # 272(a) for identification, and placed under seal.

SO ORDERED.

United States District Court, S.D. Florida.

---

sure is a waiver, and held that the inadvertent disclosure was not a waiver in light of the voluminous accelerated discovery proceedings:

> IBM's inadvertent production there of some privileged documents does not constitute a waiver of the privilege protecting the production of those documents, for that production

was "made without [adequate] opportunity to claim the privilege." [quoting from Proposed Federal Rule of Evidence 512 which was approved by the Supreme Court]

*Id.* at 551. *See also Permian Corp. v. United States,* 665 F.2d 1214, 1220 n. 11 (D.C.Cir.1981) (citing *Transamerica* ).