**CATERPILLAR INC., a Delaware corporation, Plaintiff,**

v.

**Robert C. FRIEDEMANN, an individual, Defendant.**

**Civ. No. 95–1355–FR.**

United States District Court, D. Oregon.

Dec. 5, 1995.

Douglas G. Houser and Ronald J. Clark, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Oregon, for Plaintiff.

John F. Neupert, Miller, Nash, Wiener, Hager & Carlsen, Portland, Oregon, for Defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the plaintiff's motion for protective order prohibiting defendant from taking deposition of plaintiff's senior in-house attorney (Matthew Zapf) (# 10).

## BACKGROUND

On June 28, 1977, the defendant, Robert C. Friedemann, signed an employment agreement with the plaintiff, Caterpillar Inc. (Caterpillar), in which he agreed, in part, that he would "not use ... trade secrets or confidential information [which is the property of the Company or of others the Company has contact with] for myself or others, or divulge them to others, either during or after my employment," and that he would "return to the Company all material pertaining to such trade secrets and confidential information [when my employment terminates]." Exhibit 1 to Plaintiff's Motion for Protective Order.

Friedemann's employment with Caterpillar ended in 1989 when Caterpillar closed its plant in Dallas, Oregon. Since 1989, Friedemann has been in the litigation consulting business, sometimes working with interests adverse to Caterpillar or its related entities.

On December 22, 1992, Friedemann wrote a letter to the Legal Services Division of Caterpillar stating, in part:

> I was recently contacted by Mr. Matt Zapf and asked to provide expert consultation in the case Rainey v. Caterpillar Inc. I appreciate Mr. Zapf's interest but I am already consulting on that case for Mr. Charles Nichols, attorney for the plaintiff.
>
> I would be very interested in working for Caterpillar Legal Services Division. Since there appears to be a large demand for testifying plaintiff experts, I would require a guarantee of five hours of work a week. If you are interested in contracting my services please inquire for a fee schedule.

Exhibit K to Defendant's Memo in Opposition to Motion for Protective Order (attached to Declaration of John F. Neupert).

On March 1, 1995, Caterpillar issued a subpoena to Friedemann in order to take his deposition relating to a personal injury case pending in the State of Illinois. On March 31, 1995, Caterpillar took Friedemann's deposition pursuant to that subpoena.

On September 13, 1995, Caterpillar filed this action against Friedemann seeking to stop Friedemann from disclosing allegedly confidential information and trade secrets and to require Friedemann to return the documents which he had allegedly stolen from Caterpillar.

On October 12, 1995, Friedemann filed an answer and served Caterpillar with discovery requests, including a notice of the taking of the deposition of Matthew Zapf. Zapf is employed by Caterpillar as a senior in-house attorney.

## CONTENTIONS OF CATERPILLAR

Caterpillar contends that the court should not permit Friedemann to depose the attorney for Caterpillar. Caterpillar argues that Zapf has no personal knowledge of the facts of this case, other than what he has learned in his capacity as an attorney in Caterpillar's legal department. Caterpillar argues that there are other means of obtaining information relevant to Friedemann's defenses, and that the information known by Caterpillar's attorney is privileged information and not crucial to this case.

## CONTENTIONS OF FRIEDEMANN

Procedurally, Friedemann contends that Caterpillar has failed to comply with Local Rule 230–2(a), which requires moving counsel to certify that he or she has been unable to satisfactorily resolve the matter after personal or telephone consultation.

As to the merits, Friedemann contends that he will not be able to obtain any meaningful information from Caterpillar without a court order. Friedemann explains that sometime in late 1992, Zapf contacted Friedemann to seek Friedemann's help in a product liability action. Friedemann argues that he is entitled to take the deposition of Zapf in order to discover what Zapf knew and understood about Friedemann's consultation with an adversary of Caterpillar, and what action Zapf considered and took with respect to the knowledge that Caterpillar had of Friedemann's litigation consultation with adversaries of Caterpillar.

Friedemann contends that he needs this information to help establish his defenses of waiver, estoppel, abandonment and bad faith.

## APPLICABLE LAW

Rule 26(c) of the Federal Rules of Civil Procedure provides that the court may grant a protective order prohibiting the taking of a deposition for discovery purposes when the law so requires.

In *In re Sause Bros. Ocean Towing,* 144 F.R.D. 111 (D.Or.1991), the Honorable James A. Redden, United States District Judge, stated:

Courts look with disfavor on attempts to depose opposing counsel.... Depositions of opposing counsel are disruptive of the adversarial process and harmful to the standards of the legal profession, and entail a high risk of implicating opinion work product. The *Harriston [v. Chicago Tribune Co.]* court [134 F.R.D. 232 (N.D.Ill. 1990)] found that counsel depositions should be limited to situations where: (1) no other means exists to obtain the information sought; (2) the information is both relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. In this context, some courts place the burden of showing that a deposition will not invade the attorney-client privilege or the attorney's work product on the party seeking the deposition.

Here, Sause Brothers has not shown that deposing Canada's counsel is the only means to discover the information it seeks, nor that the proposed deposition would not, as appears certain, invade areas protected by privilege.

*Id.* at 116–17 (citations omitted).

## ANALYSIS AND RULING

■ Counsel for Friedemann states in an affidavit in opposition to the motion of Caterpillar for a protective order: "After I received Caterpillar's motion for protective order I called Ronald Clark, one of Caterpillar's attorneys. That is the first time we had ever spoken about the Zapf deposition." Declaration of John F. Neupert, p. 3.

Counsel for Caterpillar states that he called counsel for Friedemann by telephone for the initial conference, left a message on voice mail, and followed up with several letters.

Local Rule 230–2(a) requires counsel to consult by telephone or in person prior to filing a motion pursuant to Rule 26. The court finds that Caterpillar has complied with Local Rule 230–2(a).

■ Friedemann has not demonstrated good cause to take the deposition of Caterpillar's senior in-house attorney. Friedemann has not shown that no other means exist to obtain the information he seeks, and he has

not shown that the information sought is not privileged and is crucial to the preparation of his case.

## CONCLUSION

The motion of Caterpillar for a protective order prohibiting Friedemann from taking the deposition of Caterpillar's senior in-house attorney (Matthew Zapf) (# 10) is granted.