Robert WALKER

v.

UNITED PARCEL SERVICES and International Association of Machinists—Local No. 724.

James B. NEWTON

v.

UNITED PARCEL SERVICE.

Civ. A. Nos. 76–2732, 78–3327.

United States District Court, E. D. Pennsylvania.

May 23, 1980.

Gary Green, Robert A. Davitch, Sidkoff, Pincus, Greenburg & Green, P.C., Philadelphia, Pa., of counsel.

William H. Brown, III, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant UPS.

Bruce E. Endy, Meranze, Katz, Spear & Wilderman, Philadelphia, Pa., for defendant Local 724.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Plaintiffs seek to depose an attorney in the law firm representing the defendant United Parcel Service ("UPS"), to consider whether or not to call him as their witness in support of plaintiffs' motion for a preliminary injunction. Plaintiffs assert the need to preliminarily restrain defendants UPS and Local No. 724, International Association of Machinists ("Local No. 724"), from retaliating against them and witnesses who will support their claim for relief from alleged racial discrimination in violation, *inter alia*, of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e, *et seq.* (Supp.Pamph.1980) (amending 42 U.S.C. § 2000e, *et seq.* (1976). Plaintiffs claim that the evidence amassed during discovery thus far shows that the attorney "might have played a material part in the retaliation against the plaintiff, and may be needed as a witness to establish the credibility of other witnesses who shall testify on behalf of plaintiff." (Plaintiff's Memorandum in Support of Request, p. 3.) Plaintiffs' request for leave to depose defendant's attorney is denied.

## I. *PROCEDURAL AND FACTUAL BACKGROUND*

On August 23, 1979, plaintiff Robert Walker filed a motion for preliminary injunction alleging that defendants UPS and Local No. 724 had been, were, and would continue retaliating against him and others,

including James B. Newton, Louis Kearney, and Daniel C. Albanese, UPS's former District Maintenance Manager, because of their connection with the instant lawsuit. The motion renews and supplements two prior motions for preliminary injunctive relief. The earlier of these was filed in July, 1977.

Plaintiffs further allege that one of the defense attorneys knowingly participated in unlawful retaliation against Mr. Walker in the course of preparing UPS's defense to the lawsuit. On September 4, 1979 plaintiff Walker noticed his deposition. Upon the expressed concern of counsel for UPS that the firm might have to withdraw because of allegations concerning one of its lawyers, the Court stayed the deposition pending further consideration. On February 22, 1980 (confirmed by a letter dated March 10, 1980), defense counsel certified that, after consultation with authorized representatives of UPS, the company had decided to waive its right to call that attorney to testify on its behalf in order to continue its representation by their firm. Although waiving objection to the law firm's continuing as UPS's counsel in this action, plaintiffs wish to depose the attorney in question in order to decide if he is needed as their witness to buttress the credibility of other witnesses on their behalf.

## II. *CONSIDERATIONS OF FAIRNESS AND EFFICIENCY LIMIT PLAINTIFFS' RIGHT TO DEPOSE OPPOSING COUNSEL*

■ In considering plaintiffs' request to depose one of defendants' attorneys, the Court is fully mindful of the broad scope of discovery contemplated by the Federal Rules of Civil Procedure.[1] Further, it is clear that no special privilege or immunity shields a person from deposition simply because he or she is an attorney, or even an attorney for a party to the suit. *Daniels v. Hadley Memorial Hospital*, 68 F.R.D. 583, 588 (D.D.C.1975); Wright and Miller, Federal Practice and Procedure: Civil § 2102 (1970). *See, Culp v. Devlin*, 78 F.R.D. 136, 141 (E.D.Pa.1978).

■ At the same time, however, the Rules empower the district courts to restrict discovery "for good cause shown." Fed.R.Civ.P. 26(c). As the Supreme Court has stated in *Herbert v. Lando*, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115, 134 (1979):

The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials. But the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, *speedy*, and *inexpensive* determination of every action." (Emphasis added.) . . . [T]he district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed.Rule Civ.Proc. 26(c). . . .

(Emphasis in text; citations omitted.) Certainly, the deposition of an attorney for a party to the litigation is not common. Under the circumstances of the instant case, the Court believes that deposing the attorney would be largely duplicative, lead to unnecessary further delay, and be oppressive to the party and to the person whose deposition is sought. Consequently, the Court holds that UPS has shown good cause for protecting its attorney from being deposed.

In evaluating plaintiffs' request to depose and defendants' opposition thereto, the court is keenly aware of the procedural posture of this case. For a variety of reasons, a motion for *preliminary* relief has been pending nearly three years. The par-

---

1. Federal Rule of Civil Procedure 26(b)(1) provides that:

. . . Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . .

ties have undertaken extensive discovery. There have been almost fifty depositions.

Plaintiffs' own memorandum in support of the request to depose vigorously contends that they have already amassed considerable testimony and documentary evidence on the subject matter of the deposition—which, it must be recalled, is only one of numerous other grounds upon which their prayer for injunctive relief is predicated. Mr. Albanese is available to testify for plaintiffs. The testimony of the attorney, who is precluded from testifying for defendant,[2] is sought only to establish the credibility, that is, to buttress the testimony of plaintiffs' other witnesses. Though the original request to depose was filed some time ago, the deadline for any other discovery on the preliminary injunction has now passed. At plaintiffs' own urging, the hearing on the injunction has been specially listed for June 5, 1980. Any slight, incremental value to plaintiffs in regard to supporting the credibility of witnesses who will already testify on their behalf is outweighed by the risks of further delay and serious infringement upon UPS's right to counsel in a serious and complex matter.

█ The Court would ordinarily require attorney-client privilege and work product exception questions to be resolved at a deposition rather than in the abstract in advance. *Jamison v. Miracle Mile Rambler, Inc.*, 536 F.2d 560, 565–66 (3d Cir. 1976); *Scovill Manufacturing Co. v. Sunbeam Corp.*, 61 F.R.D. 598 (D.Del.1973). However, the proposed intrusion on defendant's right to counsel is too invasive to permit. Plaintiffs would depose counsel not only on the very subject matter of the court hearing, but on the manner of counsel's preparation for it. Short of prohibiting the deposition, it is hard to imagine how to protect UPS from revelation of its attorney's mental impressions, opinion, legal theories, or litigation strategy. Such revelations should not be permitted absent a strong showing of necessity or prejudice or hardship in the

preparation of plaintiffs' case. *Hickman v. Taylor*, 329 U.S. 495, 509, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The plaintiffs' own extended summary of evidence (Plaintiff's Memorandum in Support of Request, at 3–5, and Reply Memorandum in Support of Request, at 8–9), negates the possibility of any showing sufficient to require such revelations.

Moreover, if the deposition were to proceed, rulings would occasion significant further delays. Further controversies over privilege and work product claims would inevitably require further imposition on the resources of the Court and provide the potential for undue delay. Plaintiffs showing of need fails to justify delaying this long pending matter in this way.

*Pflaumer, Inc. v. U. S. Dept. of Justice*, 465 F.Supp. 746 (E.D.Pa.1979).