**MARCO ISLAND PARTNERS, an Illinois limited partnership, Lasalle International, an Illinois general partnership, Bernard Sendlin and Gavriel Mairone, Plaintiffs,**

**v.**

**OAK DEVELOPMENT CORPORATION, a Louisiana corporation, G.S. of Marco, a Florida corporation, Fred Bayles and Joanne Caldwell, Defendants.**

No. 87 C 5626.

United States District Court,
N.D. Illinois, E.D.

Oct. 29, 1987.

Howard M. Hoffmann, Robert K. Neiman, Holleb & Coff, Chicago, Ill., for plaintiffs.

Paul F. Donahue, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., Richard

Goldstein, Goldstein & Tanen, Miami, Fla., for defendants.

## ORDER

BUA, District Judge.

Defendants in this case have subpoenaed one of plaintiffs' attorneys for the purpose of taking his deposition. Plaintiffs have moved to quash this deposition subpoena. For the reasons stated herein, this court grants plaintiffs' motion, with leave to reinstate the deposition subpoena upon a showing that the requested deposition would not be duplicative.

## FACTS

On December 30, 1986, after several days of negotiation, plaintiffs agreed to purchase a hotel in Marco Island, Florida from defendant G.S. of Marco. That same day, plaintiffs also entered into an agreement with defendant Oak Development Corp. Under this contract, Oak agreed to manage the newly purchased hotel on behalf of plaintiffs.

Based on claims arising from the purchase and management agreements, plaintiffs now seek damages from defendants. Plaintiffs allege that G.S. of Marco made material misrepresentations in order to induce plaintiffs to buy the hotel, and that Oak breached its management agreement with plaintiffs.

As part of their pretrial discovery, defendants issued a deposition subpoena for Allen P. Lev. Lev served as plaintiffs' attorney during the December 1986 contract negotiations. Although they originally stipulated to Lev's deposition, plaintiffs subsequently moved to quash the Lev deposition subpoena.

## DISCUSSION

The courts have recognized that "an attorney may be deposed, even if he or she represents a party to the litigation in issue." *Hunt Int'l Resources Corp. v. Binstein,* 98 F.R.D. 689, 690 (N.D.Ill.1983). Nonetheless, the deposition of an attorney cannot include inquiries into confidential lawyer-client communications. Even in this case, where the lawyer to be deposed is not plaintiffs' trial attorney, the attorney-client privilege acts to limit the scope of the proposed deposition. *See, e.g., Manufacturing Systems, Inc. of Milwaukee v. Computer Technology, Inc.,* 99 F.R.D. 335, 338 (E.D.Wis.1983) (deposition of attorney who advised client during negotiations was limited in scope by the attorney-client privilege).

Plaintiffs base their motion in part on the attorney-client privilege. Although it would confine the boundaries of the Lev deposition, the mere invocation of the privilege, without more, would not justify granting plaintiffs' motion. As Judge Aspen observed in *Hunt International Resources Corp. v. Binstein,* it would be premature to quash a deposition based on an assertion of privilege: "The more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary." 98 F.R.D. at 690.

In this case, however, plaintiffs do more than just assert the attorney-client privilege. As additional support for their motion, plaintiffs argue that the Lev deposition would be duplicative. Presumably, defendants' interrogation of Lev would focus on the December 1986 negotiations. In addition to Lev, 14 other people attended those negotiations. Nine of those present at the negotiations are already scheduled to be deposed. Plaintiffs contend that these witnesses will provide a comprehensive account of the contract talks, and that Lev's nonprivileged testimony concerning the negotiations would be merely duplicative.

Defendants never really dispute plaintiffs' claim that Lev's deposition would be duplicative. Instead, defendants make conclusory assertions that they should be permitted to depose Lev because he has firsthand knowledge of facts crucial to this litigation. Defendants also argue that "the mere possibility of repetition of testimony is not by itself sufficient to justify a protective order." *Cooper v. Welch Foods, Inc.,* 105 F.R.D. 4, 6 (W.D.N.Y.1984).

Defendants' arguments notwithstanding, the Federal Rules provide courts with the discretion to limit pretrial discovery if "the discovery sought is unreasonably cumula-

tive or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R.Civ.P. 26(b)(1). It seems particularly appropriate to exercise this discretion when a party seeks to depose its opponent's attorney. Such a deposition provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness. Mindful of this potential for harassment, some courts have shown a greater inclination to quash the depositions of opposing counsel on the ground that they are duplicative. *See, e.g., Walker v. United Parcel Servs.,* 87 F.R.D. 360 (E.D. Pa.1980) (request to depose opposing counsel denied because deposition "would be largely duplicative, ... and be oppressive to the party and to the person whose deposition is sought."). The Eighth Circuit has gone so far as to require that, before taking opposing counsel's deposition, a party must show that "no other means exist to obtain the information than to depose opposing counsel." *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986).

In taking a restrictive approach to the deposition of opposing counsel, cases like *Walker* and *Shelton* reflect a judicial concern that these depositions often have a greater potential to disrupt litigation than to provide pertinent new information. The same concern exists in this case. Although Lev is not plaintiffs' trial attorney, he belongs to the same law firm as plaintiffs' trial counsel, and has assisted in trial preparation. Thus, if Lev is called as a trial witness by defendants, his law partners may have to discontinue their representation of plaintiffs. Furthermore, the Lev deposition will undoubtedly increase "the already burdensome time and costs of litigation" by creating "additional pretrial delays to resolve work-product and attorney-client objections." *Shelton,* 805 F.2d at 1327. In light of these considerations, it would be impractical to allow the Lev deposition to proceed if the information to be provided by Lev could be obtained from other sources. Plaintiffs have persuasively argued that Lev's nonprivileged testimony would be identical to the deposition testimony of other participants in the negotiations. Defendants do not seriously challenge plaintiffs' assertion, and make no attempt to demonstrate how Lev's testimony would differ from the testimony of the other witnesses. After assessing the arguments presented thus far, this court concludes that the Lev deposition would be duplicative, and consequently grants plaintiffs' motion to quash.

Of course, if defendants can show that the Lev deposition would not be duplicative, this court will reinstate the subpoena and permit the deposition to proceed. Absent such a showing, however, it seems likely that this deposition would prove more disruptive than revealing. This court would only undermine the efficient and proper functioning of the discovery process if it allowed the taking of a deposition that produced more heat than light.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to quash the deposition subpoena of Allen P. Lev is granted, with leave to reinstate the subpoena upon a showing that the Lev deposition would not be duplicative.

IT IS SO ORDERED.