**ADVANCE SYSTEMS, INC. OF GREEN BAY, a Wisconsin corporation, Plaintiff,**

v.

**APV BAKER PMC, INC., an Illinois corporation, Defendant–Counterplaintiff,**

v.

**ADVANCE SYSTEMS, INC. OF GREEN BAY, a Wisconsin corporation, Roy Downham and Robert W. Schaefer, Counterdefendants.**

No. 88–C–876.

United States District Court,
E.D. Wisconsin.

Jan. 31, 1989.

---

Trowbridge, Planert & Schaefer by R.W. Schaefer, Green Bay, Wis., for plaintiff.

Altheimer & Gray by Robert K. Blain, Chicago, Ill., Weiss, Berzowsky, Brady & Donahue by Thomas L. Skalmoski, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The defendant-counterplaintiff, APV Baker PMC, Inc., has filed a motion, pursuant to Rule 26(c), Federal Rules of Civil Procedure, for a protective order prohibiting the deposition of one of its trial counsel. For reasons stated herein, the motion will be granted.

The plaintiff, Advance Systems, Inc. of Green Bay (ASI), a Wisconsin corporation, filed this action alleging a breach of contract. The defendant, an Illinois corporation, removed the action to this court on the basis of diversity jurisdiction. Along with its answer, APV Baker also filed a counterclaim joining Roy Downham, chairman of ASI, and Robert Schaefer, one of six shareholders and an attorney for ASI, as counterdefendants. In its counterclaim, APV Baker alleged a breach of contract by ASI and asserted that ASI's corporate veil should be pierced so as to obtain judgment

against Mr. Downham and Mr. Schaefer. The defendant also asserted a RICO claim against the counterdefendants on the basis of allegedly false representations made during the course of transactions between ASI and APV Baker. Mr. Schaefer, although functioning as counsel to ASI, is alleged to have been a participant in the transactions underlying the allegations in the counterclaim.

In reaction to the counterclaim, the counterdefendants, Messrs. Downham and Schaefer, served a notice of deposition on one of the trial attorneys for APV Baker, Robert K. Blain. The counterdefendants assert that no basis in fact or law exists for the allegations in the counterclaim that they had created a sham corporation or violated the federal RICO law. They further assert that the deposition of APV Baker's president, Claus Scherer, establishes that the only practical means of obtaining information about the factual basis of those allegations is to depose the counterplaintiff's attorney. This is so, it is asserted, because Mr. Scherer stated in his deposition that APV Baker's attorney drafted the counterclaim and only he knew the basis of the allegations at issue.

The counterplaintiff, APV Baker, argues that its attorney, Mr. Blain, was not party to any of the underlying transactions giving rise to the action and that all factual information that he has in his possession is either the result of privileged conversations with his client or is protected work product.

■ The practice of subjecting opposing counsel to depositions should be discouraged. The court of appeals for the eighth circuit has noted that such a practice is disruptive of the adversarial system and lowers the standards of the legal profession. *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986). *See also Hickman v. Taylor,* 329 U.S. 495, 511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947); *Marco Island Partners v. Oak Development Corporation,* 117 F.R.D. 418, 420 (N.D.Ill. 1987); *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.,* 117 F.R.D. 83, 84–85 (M.D.N. C.1987).

■ The courts have fashioned two divergent approaches to resolving disputes over attempts to depose attorneys. One approach considers a motion for a protective order in advance of the deposition to be presumptively premature and thus requires the attorney to attend the deposition and raise particular objections in response to specific questions. *Hunt International Resources Corp. v. Binstein,* 98 F.R.D. 689, 690 (N.D.Ill.1983); *Scovill Manufacturing Co. v. Sunbeam Corp.,* 61 F.R.D. 598, 603 (D.Del.1973). The other and better approach considers that "the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed.R.Civ.P., protective order unless the party seeking the deposition can show both the propriety and need for the deposition." *Riverview Narrow Fabrics, supra,* 117 F.R.D. at 85. In order to justify the deposition of opposing counsel, the party seeking the deposition must show that:

> (1) no other means exist to obtain the information than to depose opposing counsel, [citation omitted]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Shelton, supra,* 805 F.2d at 1327.

In the case at bar the counterdefendants claim that they need to depose the counterplaintiff's attorney in order to "seek information regarding the nature and extent of the factual investigation, if any, conducted by Mr. Blain prior to filing a counterclaim in an otherwise ordinary commercial dispute charging them with creating a sham corporation and with racketeering." Memorandum of [counterdefendant's] in Opposition to Counterplaintiff's Motion for a Protective Order, p. 13. The counterplaintiff asserts that all the information in the possession of their attorney is either the result of privileged communications between Mr. Blain and various employees of APV Baker or is protected work product. It is uncontested that he was not a party to any of the underlying transactions. Rather than show that the information sought is nonprivileged, the counterdefendants have by their pleading suggested the very opposite.

Therefore, IT IS ORDERED that APV Baker's motion, pursuant to Rule 26(c), Federal Rules of Civil Procedure, for a protective order prohibiting the deposition of APV Baker's trial counsel, Robert K. Blain, be and hereby is granted.

IT IS ALSO ORDERED that the notice of Robert K. Blain's deposition be and hereby is quashed.