PER CURIAM.[1]
Granted in part.
This case requires us to decide two issues: (1) when and under what circumstances an attorney of record may be deposed; and (2) to what extent the records of a law firm are discoverable. For the reasons that follow, we reverse the rulings of the lower courts and remand for proceedings consistent with this opinion.
The practice of deposing attorneys of record is greatly disfavored in Louisiana. La. Code Civ.Proc. art. 1452(B); Smith v. Kavanaugh, Pierson & Talley, 513 So.2d 1138, 1147 (La.1987). Other jurisdictions share this aversion, as this practice is believed to result in unnecessary delays, potential harassment, and, in the extreme case, to the *341 disqualification of the attorney. N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 88, 85 (M.D.N.C.1987). See also, In re Arthur Treacher’s Franchisee Litigation, 92 F.R.D. 429, 437-39 (E.D.Pa.1981); Walker v. United Parcel Services, 87 F.R.D. 360 (E.D.Pa.1980); Advance Systems Inc. of Green Bay v. APV Baker PMC, Inc., 124 F.R.D. 200, 201 (E.D.Wis.1989). The deposition of opposing attorneys can also disrupt the adversarial process, lower the standards of the profession, and create a chilling effect between attorney and client. Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir.1986).
In recognition of these evils, the Legislature enacted Louisiana Code of Civil Procedure art. 1452(B) which provides that “no attorney of record ... shall be deposed except under extraordinary circumstances and then only by order of the district court after contradictory hearing.” In order to demonstrate extraordinary circumstances under this article, the movant must | ¿first show that no other practicable means are available to obtain the desired information. Accordingly, if there are other persons available who possess the information, they must be deposed first. If not, then other discovery devices, such as written interrogatories, should be employed before allowing deposition of opposing counsel. The movant must then show that the desired information is relevant, and that the need for it substantially outweighs the harms that the deposition may cause. N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., supra at 86. See also Shelton v. American Motors Corp., supra at 1327. Only after the movant has carried this burden in a contradictory hearing shall the judge order that the attorney of record submit to deposition.
Turning now to the issue of the discovera-bility of the documents on which a privilege is claimed, we hereby order relator to submit to the trial judge all requested documents on which it claims a privilege. The judge is ordered to inspect the submitted documents in camera and make particularized rulings on their discoverability, keeping in mind the basic tenets of privilege and waiver set forth in Smith v. Kavanaugh, Pierson & Talley, supra.
Accordingly, we reverse the ruling of the Fourth Circuit and remand to the district court for proceedings consistent with this opinion.

. Watson, J. not on panel. Rule IV, Part 2, § 3.