**Robert TUSZKIEWICZ, Plaintiff,**

v.

**ALLEN-BRADLEY COMPANY, INC., Defendant.**

No. 96–C–110.

United States District Court, E.D. Wisconsin.

April 10, 1997.

Alan C. Olson, Alan C. Olson & Associates, New Berlin, WI, for Plaintiff.

Robert H. Duffy, Pamela M. Ploor, Quarles & Brady, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Mr. Tuszkiewicz has sued his former employer, Allen–Bradley Company, Inc. ["Allen–Bradley"], claiming that when the defendant terminated Mr. Tuszkiewicz in 1995, it violated the Americans with Disabilities Act. Presently before the court are the plaintiff's motions to compel the production of documents by two non-parties to this action, C–Graphic, Inc. and Quarles & Brady. The plaintiff asks these two entities to provide documents concerning gifts given to employees of Allen–Bradley. Quarles & Brady is the law firm representing Allen–Bradley in this action.

Both Mr. Tuszkiewicz and Allen–Bradley have acknowledged that in E its defense of the plaintiff's claim, Allen–Bradley will assert that it terminated Mr. Tuszkiewicz because he accepted gifts from vendors, in violation of Allen–Bradley's ethics policy. Therefore, the plaintiff contends, in order to show that Allen–Bradley's defense is pretextual, he is entitled to receive information regarding the provision of gifts to other Allen–Bradley employees who were not terminated. The subpoenas that Mr. Tuszkiewicz has served upon C–Graphic and Quarles & Brady ask for documentation of "tickets to sporting events; tickets to entertainment events; gifts; gratuities; premiums; lodging; entertainment; and, trips" given to "Allen–Bradley Company, and/or Rockwell International, and/or their employees, during 1991, 1992, 1993, 1994, 1995, 1996, and 1997."

The liberal policy of discovery under the Federal Rules of Civil Procedure allows the discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action" and that which is "reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). The scope of discovery, however, is

limited by Rule 26(b)(2), which allows the court to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit" or where "the discovery sought is unreasonably cumulative or duplicative." A district court has "significant discretion" in resolving a motion to compel. *Gile v. United Airlines, Inc.,* 95 F.3d 492, 496 (7th Cir.1996). "In making its ruling the district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile,* 95 F.3d at 496.

While Mr. Tuszkiewicz's requests appear to be relevant to an important issue in this lawsuit, both C–Graphic and Quarles & Brady contend that the plaintiff's demands are unduly burdensome. In an affidavit, the president of C–Graphic, Fred Leverenz, estimates that it would take 25 hours just to review the expense accounts of his two salesmen who service the Allen–Bradley accounts and to "identify occasions on which C–Graphic may have invited Allen–Bradley employees to a Brewers game, or to a Bucks game, or to a business lunch or dinner, from 1991 through March, 1997." He then goes on to state that "I do not know what length of time would be required to go through seven years of C–Graphic's vendor files, and other salespersons' expense reports, in an effort to identify all documents which may be responsive to the subpoena duces tecum."

Quarles & Brady characterizes the plaintiff's request as one that requires the firm to "retrieve and review voluminous billing records, general ledger documents and individual attorney records (long ago shipped to warehouses) which involve matters that the Firm or its lawyers in three different states have handled or been involved in for more than six years involving Allen–Bradley, Rockwell or any of its or their employees."

In addition to its claim that the request is burdensome, Quarles & Brady also argues that the motion to compel should be denied because it is improper to seek discovery from counsel for the opposing party. In making this contention, it relies on *Advance Sys., Inc. v. APV Baker PMC,* 124 F.R.D. 200 (E.D.Wis.1989), in which I quashed a subpoena requesting the testimony of the opposing party's attorney. The *Advance Sys.* case, though, is not relevant to the issue at hand; in that case the subpoena sought to obtain testimony about the attorney's background knowledge of the claims in that particular case. See *Advance Sys.,* 124 F.R.D. at 201. Here, the information that the plaintiff seeks from Quarles & Brady is not related to what Allen–Bradley's attorneys know about the case. Indeed, it is the same information that the plaintiff requests from vendors that have no relationship to the lawsuit. Furthermore, I do not agree with Quarles & Brady's assertion that the relevant documents, showing what gifts have been provided to Allen–Bradley employees, are protected by the attorney-client privilege. As the plaintiff has pointed out, he "is not asking for communications, only for the identification of gifts Quarles & Brady provided as a vendor to Allen–Bradley."

Therefore, the issue is the scope of information that these two non-parties must provide to the plaintiff. Mr. Tuszkiewicz, in his reply to Quarles & Brady's opposition to the motion to compel, states that he is willing to receive only documents concerning gifts provided in 1995 by Quarles & Brady's Milwaukee office to employees at Allen–Bradley's Milwaukee and Mequon offices. (Allen–Bradley terminated Mr. Tuszkiewicz in 1995). This request is a substantially less broad and much more manageable than the original subpoena served upon Quarles & Brady. Therefore, I will grant the plaintiff's motion to compel as to Quarles & Brady, but will limit the request in this manner.

Similarly, C–Graphic asks that if the court does not deny the plaintiff's motion to compel, that in the alternative it limit the scope to "pertinent expense records of the two salespersons serving Allen–Bradley accounts, for the minimum number of years necessary." Because this seems to get at the heart of what the plaintiff is seeking from C–Graphic, I will allow the plaintiff to discover these documents for the year of 1995.

The plaintiff has offered to "bear the reasonable expenses of the production" of Quarles & Brady's documents. The court will extend this offer to C–Graphic as well. Although the discovery deadline in this case is Wednesday, April 16, 1997, I will allow C–Graphic and Quarles & Brady until Wednesday, April 23, 1997 to respond to the two motions to compel addressed in this ruling.

Therefore, IT IS ORDERED that the plaintiff's motion to compel discovery from C–Graphics be and hereby is granted. C–Graphics be and hereby is directed to provide Mr. Tuszkiewicz, by April 23, 1997, with the relevant expense records for the year 1995 of C–Graphic's salespersons who served Allen–Bradley. The "relevant" records are those that concern sporting event or entertainment tickets, gifts, gratuities, premiums, lodging, or trips provided by C–Graphics to Allen–Bradley employees.

IT IS ALSO ORDERED that the plaintiff's motion to compel discovery from Quarles & Brady be and hereby is granted. Quarles & Brady be and hereby is directed to provide Mr. Tuszkiewicz, by April 23, 1997, with documents concerning sporting event or entertainment tickets, gifts, gratuities, premiums, lodging, or trips provided in 1995 by personnel of Quarles & Brady at its Milwaukee office to employees of Allen–Bradley at its Milwaukee and Mequon offices.

IT IS FURTHER ORDERED that the plaintiff be and hereby is directed to bear C–Graphic's and Quarles & Brady's reasonable costs in providing the above-described information. Otherwise, no costs will be awarded in connection with these motions.