SCOVILL MANUFACTURING COMPANY, Plaintiff,

v.

SUNBEAM CORPORATION, Defendant.

Civ. A. No. 4533.

United States District Court,
D. Delaware.

Dec. 4, 1973.

See, also, D.C., 357 F.Supp. 943.

**600**

Hugh L. Corroon of Potter, Anderson & Corroon, Wilmington, Del., and Bruce B. Krost of Woodling, Krost, Granger & Rust, Cleveland, Ohio, of counsel, for plaintiff.

James M. Tunnell, Jr., Douglas E. Whitney and William H. Sudell, Jr. of Morris, Nichols, Arsht & Tunnell, Wilmington, Del. and William E. Schuyler, Jr. and Dale H. Hoscheit of Schuyler, Birch, Swindler, McKie & Beckett, Washington, D. C., of counsel, for defendant.

## OPINION AND ORDER

LATCHUM, Chief Judge.

The matters presently before the Court are: (1) the motion of defendant Sunbeam Corporation ("Sunbeam") under Rule 37, F.R.Civ.P., to compel answers to certain interrogatories propounded to the plaintiff Scovill Manufacturing Company ("Scovill"), and (2) Scovill's two motions under Rule 26(c) for protective orders to prevent Sunbeam from taking the deposition of Dallett Hoopes ("Hoopes"), Scovill's house counsel, and to strike Sunbeam's notice of deposition of certain unnamed Scovill employees. Background facts and prior proceedings in this case are recorded at 357 F.Supp. 943 (D.Del.1973).

Dealing first with Sunbeam's Rule 37 motion, Sunbeam propounded thirteen interrogatories to Scovill on February 20, 1973. Scovill filed answers May 21, 1973, supplemented those answers on May 25, 1973, and further supplemented its answers by a letter sent to Dale H. Hoscheit, Esq., Scovill's trial counsel, on June 22, 1973. Sunbeam expresses dissatisfaction with the answers given to ten of the thirteen interrogatories. The Court will treat each interrogatory *seriatim*.

Interrogatory 2 asks Scovill to identify the documentary support for and the basis for allegations contained in Paragraph 8 of the complaint which reads:

"The said spray and steam irons accused by Defendant to be an infring-

ing structure are in fact not covered by Defendant's said identified patents as read in connection with the patent specification and claims, and considered in the light of the prior art on the subject and in the light of the prosecution of said patents in the Patent Office."

Scovill refuses to answer on the ground that Sunbeam has the burden of proving that Scovill infringed Sunbeam's asserted patents, and since Scovill has no burden of proof in this regard, it need not spell out all the details of its basis for the denial of infringement.

■ The Court holds that the ultimate burden of proof at trial is not a limitation upon the boundaries of discoverable material. By the allegations in its complaint for a declaratory judgment, Scovill contends that an examination of prior act, of the file wrappers of the patents in suit and of the specifications and claims of the patents themselves show that Scovill's irons do not infringe upon the claims of the Sunbeam patents. In order to prepare for trial Sunbeam is entitled to know the basis, if any, for the allegation. Therefore Scovill will be required to briefly state its basis for the allegation, to list the persons with knowledge thereof and to list the relevant documents including identification of prior art, the specific documents in the file wrappers and the particular specifications and claims of the patents in suit which it contends support the allegation.

■ Interrogatory 3 inquires into the basis of the contentions of Paragraph 8 of the complaint which states:

" . . . If said patents be construed or interpreted so broadly as to be considered to be infringed by the manufacture and sale of the accused spray and steam irons manufactured and sold by Plaintiff, then said patents are invalid as being issued contrary to the provisions of 35 USC 102 and 103."

In answer Scovill listed a number of prior art patents upon which it relies to establish the invalidity of the Sunbeam patents in suit. Sunbeam argues that it is entitled to be apprised of the basis for the allegations of Paragraph 8 of the complaint and not merely be referred to a list of documents. The Court agrees. Scovill will be required briefly to state the bases for its contentions that each patent in suit is invalid and to set forth the prior art supporting such contentions. See Scovill Mfg. Co. v. Sunbeam, 357 F.Supp. at 948.

■ Interrogatory 4 inquires into the basis of the allegations in Paragraph 9 of the complaint which reads:

"Said identified patents are invalid, restricted in scope if valid, and unenforceable against the accused spray and steam irons, under the provisions of 35 USC 102 and 103, by reason of the prior art on the subject, anticipating and making obvious the alleged inventions of said patents."

Scovill stated that the answer to Interrogatory 3 would suffice for Interrogatory 4. The Court agrees that a responsive answer to Interrogatory 3 will also answer Interrogatory 4.

■ Interrogatory 5 inquires into Scovill's basis for Paragraph 10 of the complaint which reads:

"Said identified patents are invalid and unenforceable against the accused spray and steam irons under the requirements set forth in 35 USC 112, by reason of the indefiniteness and inadequacy of the descriptions and drawings, and by reason of the indistinct and inadequate claims, of said patents."

In answer Scovill briefly stated that:

"The specifications and drawings are insufficient to adequately teach the alleged inventions to those skilled in the art; to understand the nature and principles of the alleged inventions as asserted by SUNBEAM in this action; and to know with definiteness

and certainty the aspects of the alleged inventions to which information the public is entitled. The claims do not mark out and clearly delineate the asserted patent monopoly and do not clearly warn the public as to what is within, and as to what is without, the patent monopoly."

Scovill refused to answer in further detail on the ground that a complete answer would be unreasonable and onerous. The Court does not agree. Scovill will be required to list the descriptions and drawings that it contends are indefinite and inadequate, to list the claims that it contends are indistinct and inadequate, and to refer to the documentary support, if any, for such contentions. However, Scovill need not give further explanation why it regards the particular descriptions, drawings and claims as inadequate.

Interrogatory 6 inquires into the basis for Scovill's denial of Paragraph 7 of Sunbeam's counterclaim, which reads:

"Plaintiff has been and still is infringing defendant's said Letters Patent by making, selling, and using steam irons embodying the patented inventions, and will continue to do so unless enjoined by the Court."

Scovill argues that since it has denied any infringement, it need not explain the basis for its denial that it will continue to infringe. The Court agrees and Scovill need not provide a further answer.

■ Similarly in Interrogatory 7 Sunbeam seeks the basis for Scovill's denial of Paragraph 8 of Sunbeam's counterclaim which reads: "Plaintiff's infringement of defendant's patents has been willful and deliberate." Since Scovill denies any infringement, it need not explain its denial of willful and deliberate infringement.

■ Interrogatory 8 inquires whether Scovill urges any other grounds for invalidity, nonenforceability or noninfringement of the patents in suit. In answer Scovill indicated that it will attempt to prove that one of the patents is invalid for "double patenting" and also that one of the other patents is unenforceable by reason of laches. In addition to its present answer, Scovill will be required to identify the documents supporting its contentions and the persons having substantive knowledge thereof.

■ Interrogatory 10 inquires whether Scovill has conducted any patentability studies or filed any patent applications regarding certain steam iron characteristics [1] and if so, to identify the studies and the patent applications. Scovill refuses to answer on the grounds of lack of relevancy and privilege.

Scovill is directed to identify the patent applications and studies sought. The connotation of "relevancy" is extremely liberal with respect to pre-trial discovery, and the documents sought are within permissible limits. Simply by way of illustration, a patentability study might reveal that Sunbeam's patents were examined and a conclusion was drawn that Scovill's steam irons would infringe those patents; or the disclosure and claims of a Scovill patent application may be similar to Sunbeam's successful patent applications thereby tending to show infringement; or a rejection by the Patent Office of a Scovill application, citing one of the Sunbeam patents as prior art would tend to show infringement by Scovill.

However, since the matter is confidential and is subject to abuse, the information will be made available under a protective order to Sunbeam's trial counsel only to prevent its improper use by Sunbeam. See 4 J. Moore, Federal Practice ¶ 26.75.

---

1. The characteristics referred to: manner of generating steam in the iron, the placement of steam ports in the sole plate, means of maintaining the iron in an upright position and the means for discharging spray from the iron.

■ Interrogatory 11 inquires whether Scovill has made any studies with respect to the validity, enforceability or infringement of any of the patents in suit and, if so, to identify the persons responsible for the studies, any documents that refer to the studies and prior art referred to in the studies.

Scovill in answer referred to its answers to Interrogatory 3 to supply the prior art. Scovill asserted attorney-client privilege for the documents that refer to the studies. In a letter sent to Sunbeam's counsel on June 22, 1973 (Docket Item 51, Ex. A), Scovill listed a number of communications for which privilege is sought by date and parties. However, the list also includes communications relevant to Interrogatory 9 (c). Sunbeam seeks to have Scovill separate the responses to the two interrogatories and to identify documents instead of merely a series of communications. Scovill will be required to provide a separate list responsive to Interrogatory 11 only, and those communications and any other documents relating to prior art studies shall be described in sufficient detail to enable Sunbeam to assess the validity of the privilege asserted.

■ Interrogatory 13 asks Scovill to list and identify any document already requested which Scovill regards as privileged. In response Scovill suggests a number of general categories of documents. The answer is inadequate to enable Sunbeam to assess the validity of the privilege and Scovill will be required to provide a list described in sufficient detail to enable Sunbeam to assess the validity of the privilege.

■ Turning now to Scovill's Rule 26 (c) motion for a protective order preventing the deposition of its house counsel Hoopes on the ground that any information sought is subject to the attorney-client privilege, the Court holds that a protective order would be improper and premature at this time and will deny the motion. The circumstances are rare which justify an order that a deposition not be taken at all, and the existence of privilege is not one of those circumstances. 4 J. Moore, Federal Practice ¶ 26.69 n. 1, 8, 9. At the noticed depositions, Scovill can object to questions it considers improper and advise Hoopes not to answer.

■ Finally, with regard to Scovill's motion to vacate the Notice of Taking Depositions of certain unnamed Scovill employees, the Court holds that the Notice, as modified by the Court, does describe the persons sought with the reasonable particularity required by Rule 30(b)(6). Paragraph 3 of the Notice (Docket Item 53) requests "Such person or persons as may be designated by Scovill Manufacturing Corporation to testify on behalf of Scovill with respect to the following matters:

"a. Negotiations and agreements with Westinghouse Electric Corporation concerning acquisition by Scovill of small appliance business.

"b. Materials relating to steam irons acquired by Scovill from Westinghouse Electric Corporation, including drawings, specifications, inventory, tooling, plant facilities, advertising materials, instruction manuals, etc.

"c. Manufacturing by Scovill of steam irons based upon or modified from designs and/or drawings acquired from Westinghouse Electric, including any experimental work conducted by Scovill."

Subsection 3(a) of the Notice which seeks information regarding Scovill's acquisition of Westinghouse Electric Corporation's small appliance business, is too broad inasmuch as "small appliances" would include many items not relevant to this lawsuit. Therefore Subsection (a) will be modified to read:

"Negotiations and agreements with Westinghouse Electric Corporation

concerning acquisition by Scovill of steam iron business."

Subsections (a), as modified, (b) and (c) describe in terms as clear as possible the matters about which testimony is sought. The Notice is sufficient to inform Scovill of the matters which will be inquired into at the depositions, so that Scovill can determine the identity and number of persons whose presence will be necessary to provide an adequate response to any of Sunbeam's potential questions.