**TRISTRATA TECHNOLOGY,
INC., Plaintiff,**

v.

**NEOTERIC COSMETICS, INC., Murad
Skin Research Laboratories, Inc., Howard Murad, M.D., Chanel, Inc. Clarins
USA, Inc., and Cosmair, Inc., Defendants.**

**Tristrata Technology, Inc., Plaintiff,**

v.

**Beiersdorf, Inc. and Leiner Health
Products, Inc., Defendants.**

**No. CIV.A.96–227–JJF.**

United States District Court,
D. Delaware.

Sept. 30, 1998.

---

Thomas J. Allingham, II, of Skadden, Arps, Slate, Meagher & Flom, Wilmington, Delaware. Of Counsel: Constance S. Huttner, and John L. Gardiner, of Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York; Kevin M. McGovern, and Brian T. Foley, of McGovern & Associates, Greenwich, Connecticut, for Plaintiff in Civil Action 96–227–JJF.

Arthur G. Connolly, III, of Connolly, Bove, Lodge & Hutz, Wilmington, Delaware. Of Counsel: Michael O. Warnecke, and Alyssa A. Dudkowski, of Mayer, Brown & Platt, Chicago, Illinois, for Plaintiff in Civil Action 96–346–JJF.

Allen M. Terrell, Jr., and Frederick L. Cottrell, III, of Richards, Layton & Finger, Wilmington, Delaware. Of Counsel: David Wolf, Stanley Sacks, and Robert E. Rigby, Jr., of Wolf, Greenfield & Sacks, P.C., for Defendant Neoteric Cosmetics, Inc.

Matthew B. Lehr, Thomas C. Grimm, and Maryellen Noreika, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, for Defendants Murad Skin Research Laboratories, Inc. and Howard Murad, M.D.

Joanne Ceballos, of Potter Anderson & Corroon, Wilmington, Delaware. Of Counsel: Sarah Slover, of Kirkland & Ellis, New York, New York, for Defendant Chanel, Inc.

Joanne Ceballos, of Potter Anderson & Corroon, Wilmington, Delaware. Of Counsel: Albert J. Breneisen, and Daniel F. Coughlin, of Kenyon & Kenyon, New York, New York, for Defendant Clarins USA, Inc.

Richard D. Kirk, of Morris, James, Hitchens & Williams, Wilmington, Delaware. Of Counsel: Richard D. Kelly, and Jean–Paul Lavalleye, of Oblon, Spivak, McClelland, Maier & Neustadt, P.C., Arlington, Virginia, for Defendant Cosmair, Inc. ·

Norman M. Monhait of Rosenthal, Monhait, Gross & Goddess, Wilmington, Delaware. Of Counsel: Esther H. Steinhauer, of Sprung Kramer Schaefer & Briscoe, Tarrytown, New York, for Defendant Beirsdorf, Inc.

Paul M. Lukoff and David E. Brand of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Delaware, for Defendant Leiner, Inc.

## OPINION

FARNAN, Chief Judge.

Presently before the Court is a discovery dispute in this patent infringement action filed by Tristrata Technology Inc. ("Tristrata") against Neoteric Cosmetics, Inc., Murad Skin Research Laboratories, Inc., Howard Murad, M.D, Chanel, Inc., Clarins USA, Inc., Cosmair, Inc., Beiersdorf, Inc., and Leiner Health Products, Inc. (collectively "Defendants") (D.I.143). For the reasons set forth below, the Court will grant Defendants' discovery request.

## BACKGROUND

In their First Request for the Production of Documents and Things, Defendants requested Tristrata to "produce all abandoned or pending domestic and foreign applications claiming the priority to United States Patent Application Serial No. 06/946,680 filed December 23, 1986." (D.I.143). Tristrata objected to Defendants' request on the grounds that the documents sought are irrelevant and are protected trade secrets. The parties presented their respective positions to the Court at the July 15, 1998 status conference.

In support of their document request, Defendants contend that applications which are pending or abandoned that emanated directly from the parents of the patents in suit are relevant, intrinsic evidence. Specifically, Defendants contend that these applications constitute part of the file and prosecution histories of the patents in suit, because they involve the same claim terms as the parent applications and the patents in suit. Defendants further contend that they are not seeking new work, but only those applications that are straight continuations [1]

---

1. A continuing application contains no new information and is "one that makes explicit a claim that was inherent in a previously filed application." *Central Sprinkler Company v. Grinnell*

or continuations in part ("CIP")[2] of the patents in suit. With respect to the trade secret issue, Defendants contend that the issue is moot, because the disclosure has already been published 35 or 36 times in the United States and in several foreign countries. To the extent that the applications contain sensitive technical information, Defendants contend that the Court can limit disclosure to attorneys only.

In response to Defendants' arguments, Tristrata contends that the documents sought are irrelevant and extrinsic evidence. Because the documents sought are subsequent applications, Tristrata contends that Defendants are merely trying to obtain its current research and technology, which constitute highly confidential trade secrets.

## DISCUSSION

■ Congress has directed the U.S. Patent & Trademark Office ("PTO") to keep patent applications confidential, unless disclosure is permitted by the applicant. 35 U.S.C. 122. Although this directive is not binding on courts, courts have consistently recognized the important interest in maintaining the secrecy of patent applications. In an effort to balance the objector's interest in secrecy with the requesting party's competing interest in disclosure, courts have fashioned a balancing test to determine whether to order disclosure of pending or abandoned patent applications. Among the factors to be considered are the relevancy of the information sought, the availability of the information absent disclosure, the potential harm resulting from disclosure, and the availability of means to reduce the potential harm. *See Avery Dennison Corp. v. UCB*, 1996 U.S. Dist. LEXIS 16070, *2, 1996 WL 633986, *1 (N.D.Ill.1996). In weighing these factors, direct relevancy favors disclosure, while direct competition in the relevant marketplace by the parties favors secrecy. *See Central Sprinkler Co.*, 897 F.Supp. at 227.

■ Although the Court of Appeals for the Federal Circuit has not expressly ruled on the relevance of pending and abandoned United States patent applications, courts that have considered the issue have concluded that such applications can be relevant to the proper claim interpretation of the patents-in-suit. These courts have concluded, and this Court agrees, that pending and abandoned applications "may contain information or admissions that clarify, define or interpret the claims of the patent in suit." *Avery Dennison*, 1996 U.S. Dist. LEXIS at *1; *see also Cordis Corporation v. SciMed Life Systems, Inc.*, 982 F.Supp. 1358 (D.Minn.1997); *Central Sprinkler Co.*, 897 F.Supp. at 228–29 (concluding that pending and abandoned applications with continuing or continuing in part status are relevant to infringement action); *Bott v. Four Star Corp.*, 675 F.Supp. 1069, 1075 (E.D.Mich.1987); *Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 602 (D.Del. 1973). Accordingly, the Court rejects Tristrata's argument that the applications are simply irrelevant.

■ The Court's inquiry, however, does not end with the question of relevance. Rather, the Court must balance the applications' relevance with the parties' competitive position in the marketplace. Tristrata is a direct competitor with the Defendants, and as such, has an interest in maintaining the secrecy of information, particularly information concerning new research and developments, that may be contained within the applications sought by Defendants. Although this interest is legitimate, the Court believes it can be adequately preserved with a particularized protective order. Accordingly, the Court will grant Defendants' application for discovery and direct the parties to draft a mutually acceptable protective order to govern the discovery sought.

## CONCLUSION

For the reasons discussed, the Court will grant Defendants' discovery request and will

---

*Corp.*, 897 F.Supp. 225, 227 (E.D.Pa.1995) (citation omitted).

**2.** A CIP is an application which is based on a previously filed application and contains new information to support new claims. *Id.*

order the parties to submit a stipulated protective order.

An appropriate Order will be entered.