**ICU MEDICAL, INC., Plaintiff,**

v.

**B.BRAUN MEDICAL, INC., Defendant.**

**No. C 01–3202 CRB MEJ.**

United States District Court,
N.D. California.

Oct. 4, 2002.

Christopher B. Hockett, Bingham, McCutchen LLP, San Francisco, CA, Mary T. Huser, Adrienne L. Taclas, Ary A. Fuller, Susan Vastano Vaughan, Bingham, McCutchen LLP, East Palo Alto, CA, S. Christian Platt, Paul, Hastings, Janofsky & Walker LLP, San Diego, CA, Michael J. Shuster, McCutchen, Doyle, Brown & Enersen, LLP, San Francisco, CA, Steven R. Rafalovich, McCutchen, Doyle, Brown & Enersen, LLP, East Palo Alto, CA, for Plaintiff.

Tony L. Richardson, Kirkland & Ellis, Los Angeles, CA, Bradford E. Biegon, Daniel F. Attridge, Edward C. Donovan, Gregory Corbett, James F. Basile, John Thomas Battaglia, Laura R. Bach, Kirkland & Ellis, Washington, DC, for Defendant.

**462**

## ORDER DENYING DEFENDANTS MOTION TO COMPEL THE PRODUCTION OF CERTAIN PATENT APPLICATIONS AND PROSECUTION HISTORIES

JAMES, United States Magistrate Judge.

Before the Court is Defendant B.Braun Medical, Inc.'s ("Defendant") Motion to Compel Production of Certain Patent Applications and Prosecution Histories, filed on July 26, 2002. In its motion, Defendant seeks a court order requiring Plaintiff ICU Medical, Inc. ("Plaintiff") to provide all pending patent applications that claim priority to, make reference to, or are otherwise related to the patents-in-suit, including their prosecution histories.

■ Federal Rule of Civil Procedure ("F.R.Civ.P.") 26(b)(1) states in pertinent part, "... [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Information contained in a pending patent application may have some relevance in a patent infringement action, and thus, a request for such information may meet the liberal standard of relevancy under F.R.Civ.P. 26. *Fischer Imaging Corp. v. Lorad Corp.*, 148 F.R.D. 273, 274 (D.Colo.1993). However, it is well established that materials relating to a pending patent application are confidential, and therefore enjoy a degree of protection against disclosure. 35 U.S.C. § 122 (2002); *Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 35 F.Supp.2d 370, 372 (D.Del.1998); *Cordis Corp. v. SciMed Life Sys.*, 982 F.Supp. 1358, 1364 (D.Minn.1997). While Title 35 U.S.C. § 122 expressly provides that pending patent applications shall be kept confidential unless disclosure is authorized by the applicant, this statutory prohibition is not binding on the courts. *Paper Converting Machine Co. v. Magna–Graphics Corp.*, 207 U.S.P.Q. 1136, 1980 WL 30340 (E.D.Wis. 1980).

■ In determining whether or not to permit discovery of a pending patent application, the courts have uniformly recognized that a heightened relevancy standard must be applied to patent applications and materials related thereto. *Ideal Toy Corp. v. Tyco Industries, Inc.*, 478 F.Supp. 1191, 1193 (D.Del.1979). The Court must weigh the requesting party's interest in materials against the objector's legitimate interest in secrecy. *Id.* The fact that the parties are competitors is a matter that weighs strongly against disclosure. *Wolowitz v. United States*, 185 U.S.P.Q. 155, 1975 WL 21125 (Ct.Cl.1975).

■ Here, the Court finds that although the pending patent applications may be relevant under F.R.Civ.P. 26(b)(1), Defendant has failed to meet the applicable heightened relevancy standard. As demonstrated in Plaintiff's opposition papers, the parties are in direct competition. In addition to the present case, the parties are engaged in simultaneous adjudication of a contractual dispute in the Central District of California. The Court finds that Defendant has not made a sufficient showing to overcome the protection afforded to Plaintiff's pending patent applications. Accordingly, the Court hereby DENIES Defendant's motion.

IT IS SO ORDERED.